UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-mc-00178-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR LEAVE TO FILE COMPLAINT**

On May 5, 2026, the Clerk's Office received a series of documents from Nathan Reardon, including a motion for leave to file complaint under Freedom of Information Act (FOIA), 5 U.S.C. § 552 and a proposed new complaint. *Pl.'s Mot. for Leave to File Compl. Pursuant to Filing Restrictions*; *Compl. for Inj. Relief* (*Compl.*). Mr. Reardon is a restricted filer pursuant to this Court's *Cok* order dated June 30, 2025. *Reardon v. Domonski*, No. 1:25-cv-00268-JAW, 2025 U.S. Dist. LEXIS 123400 (D. Me. June 30, 2025); *Order Imposing* Cok *Filing Restriction* (ECF No. 10). Accordingly, the Court reviewed Mr. Reardon's proposed complaint to determine whether docketing the complaint would violate the *Cok* order.

The *Cok* order provides that if Mr. Reardon wished to file a new civil action in the United States District Court for the District of Maine, he must file a motion for leave to do so together with the proposed complaint. *Id.* at 16. A judge of this Court would then review the complaint to determine whether the complaint constituted a collateral attack on his criminal conviction and whether it was otherwise facially frivolous. *Id.*

The Court reviewed the proposed complaint in which Mr. Reardon alleges the proposed case arises under FOIA and seeks to compel the production of agency records concerning a third party. *Compl.* ¶¶ 1-3. Specifically, Mr. Reardon alleges that on January 14, 2026 he submitted a FOIA request to the Internal Revenue Service (IRS), seeking records—including communications, investigative records, inter-agency coordination, and related materials—concerning an individual named Jared Moore. *Id.* at ¶¶ 2, 9-11. Mr. Reardon alleges that on February 3, 2025, the IRS issued a final response, but Mr. Reardon contends this disposition is improper and that the IRS failed to conduct an adequate and reasonable search, failed to justify any withholding with sufficient specificity, and failed to provide a Vaughn index describing withheld records. *Id.* ¶¶ 3, 12-17. Mr. Reardon seeks an order from this Court directing Defendants to produce non-exempt records, provide a Vaughn index, and enjoin Defendants from continuing to withhold responsive records. *Id.* at 3.

The Court concludes that the proposed complaint violates the *Cok* order as it presents a facially frivolous exercise of federal jurisdiction. Congress enacted FOIA "to open agency action to the light of public scrutiny." *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)); *Carpenter v. U.S. Dep't of Just.*, 470 F.3d 434, 437 (1st Cir. 2006). "FOIA's broad disclosure mandate consequently requires disclosure of documents unless they fall within one of the enumerated exemptions." *Adamowicz v. I.R.S.*, 552 F. Supp. 2d 355, 360 (S.D.N.Y. 2008).

One such exemption protects from disclosure those documents and records specifically prohibited from release under Federal anti-disclosure statutes. 5 U.S.C. § 522(b). Pursuant to 26 U.S.C. § 6103(a), absent proper authorization pursuant to one of the other subsections of § 6103, "(r)eturns and return information shall be confidential." 26 U.S.C. § 6103(a). Mr. Reardon seeks third-party tax return information, yet Mr. Reardon has neither established nor alleged proper authorization. Because Mr. Reardon seeks third-party tax return information from the IRS without third-party authorization, "the IRS was permitted to categorically withhold the return information of third parties *without* examining those records." *Greenberger v. Internal Revenue Serv.*, 283 F. Supp. 3d 1354, 1367 (N.D. Ga. 2017) (citing *Hull v. IRS*, 656 F.3d 1174, 1193 (10th Cir. 2011)) (emphasis in *Greenberger*). Mr. Reardon's proposed complaint thus presents a facially frivolous exercise of federal jurisdiction. *Hull*, 656 F.3d at 1188 (holding that IRS properly refused to search for or review a party's request for a third party's return information, because the requested had not obtained authorization and "only a valid FOIA request can trigger an agency's FOIA obligation") (quoting *Flowers v. I.R.S.*, 307 F. Supp. 2d 60, 67 (D.D.C. 2004)).

The Court DENIES Nathan Reardon's Plaintiff's Motion for Leave to File Complaint Pursuant to Filing Restrictions on the ground that to grant this motion would violate the outstanding *Cok* order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of May, 2026